**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Lourdes Huacon, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No.   10 C 5404 |
| AllianceOne Receivables Management, Inc., a Delaware corporation, and NCO Financial Systems, Inc. a Pennsylvania corporation, | ) ) ) ) ) | |
| Defendants. | ) | <u>Jury Demanded</u> |

### COMPLAINT

Plaintiff, Lourdes Huacon, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that the form of Defendants' debt collection letters violates the FDCPA, and to recover damages for Defendants' violations of the FDCPA, and alleges:

### JURISDICTION AND VENUE

1.     This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2.     Venue is proper in this District: a) the acts and transactions occurred here; b) Plaintiff resides here; and, c) Defendants reside and transact business here.

### PARTIES

3.     Plaintiff, Lourdes Huacon ("Huacon"), is a citizen of the State of Illinois, residing in the Northern District of Illinois, from whom Defendants attempted to collect a delinquent consumer debt owed for a Capital One credit card.

1

4. Defendant, AllianceOne Receivables Management, Inc. ("AllianceOne"), is a Delaware corporation, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. AllianceOne operates a nationwide delinquent debt collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois.

5. Defendant, NCO Financial Systems, Inc. ("NCO"), is a Pennsylvania corporation, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. From its offices in Illinois and 34 other states, NCO operates a nationwide delinquent debt collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois.

6. Defendant AllianceOne and Defendant NCO are both licensed to conduct business in Illinois and maintain registered agents here, see, records from the Illinois Secretary of State, attached as Group Exhibit A. In fact, both Defendants do business in Illinois.

7. Defendant AllianceOne and Defendant NCO are both licensed as collection agencies in Illinois, see, records from the Illinois Division of Professional Regulation, attached as Group Exhibit B. In fact, both Defendants act as collection agencies in Illinois.

**FACTUAL ALLEGATIONS**

8. Defendant AllianceOne sent Ms. Huacon an initial form collection letter, dated March 1, 2010, demanding payment of a delinquent Capital One account, which

stated that the "Balance" of $3919.55 was then due. A copy of this letter is attached as Exhibit C.

9. Only 45 days later, Defendant NCO then sent Ms. Huacon an initial form collection letter, dated April 14, 2010, demanding payment of the same Capital One account, which stated that the "Total Balance" was $4,185.30 -- an increase of $265.75 in 45 days or a 55% annual interest rate, but that only $841.00 was then due. This letter then threatened:

\* \* \*

> Your delinquent account now meets CAPITAL ONE BANK (USA), N.A.'s guidelines for legal action if it charges off. Your account has been placed with NCO Financial Systems, Inc., a collection agency. This is an attempt to collect a debt. Any information obtained will be used for that purpose. This is a communication from a debt collector. CAPITAL ONE BANK (USA), N.A. has not yet made a decision to file a lawsuit, there is still time for you to work with us to resolve this matter.
>
> Call our office today at 1-888-579-0626 to make arrangements to resolve this matter. If you cannot make the amount due payment of $841.00, we can go over the many options available to you.
>
> If we cannot get this matter resolved soon and your account charges off, CAPITAL ONE BANK (USA), N.A. may be forced to take legal action. This could result in a judgment against you. If a judgment is obtained against you, CAPITAL ONE BANK (USA), N.A. can take whatever actions they deem advisable to enforce it. In addition, judgments are a matter of public record, and employers, landlords, and other creditors can check your credit and see that the judgment has been taken against you.
>
> It is not too late to fix this situation. We urge you to act now.

\* \* \*

> Prior to any judgment, you will be notified and able to raise defenses. CAPITAL ONE BANK (USA), N.A.'s remedies will be subject to applicable property exemptions.

\* \* \*

A copy of this letter is attached as Exhibit D.

10. All of the collection actions at issue occurred within one year of the date of this Complaint.

11. Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

**COUNT I**
**Violation Of § 1692g –**
**Overshadowing And/Or Ineffectively Conveying**
**The 30-Day Validation Notice**

12. Plaintiff adopts and realleges ¶¶ 1-11. This Count is brought against Defendant NCO only.

13. Section 1692g of the FDCPA requires that, within 5 days of a debt collector's first communication to a consumer, the debt collector must provide the consumer with an effective validation notice, i.e., notice that the consumer has 30 days after receipt of the notice to challenge the validity of the debt, or any portion of the debt, and seek verification of it. Moreover, § 1692g(b) further prohibits any collection activity and/or communication during the 30-day period which overshadows, or is inconsistent with, the disclosure of the consumer's right to dispute the debt, see, 15 U.S.C. § 1692(b).

14. Here, although Defendant NCO's initial collection letter (Exhibit D) contains the notice required by § 1692g of the FDCPA, other statements made in that letter render the validation notices ineffective. Specifically, Defendant NCO's demands that Ms. Huacon "Call our office today" and "act now", and then referencing lawsuits and

judgments, would confuse the unsophisticated consumer by creating a false sense of urgency as to whether the 30-day validation period has already expired, and whether the consumer must act immediately, or has the full 30 days to dispute the validity of the alleged debt. Defendants' form collection letters thus violate § 1692g of the FDCPA. See, Avila v. Rubin, 84 F.3d 222, 226 (7th Cir. 1996); Bartlett v. Heibl, 128 F.3d 497, 501 (7th Cir. 1997); Chauncey v. JDR Recovery Corporation, 118 F.3d 516, 519 (7th Cir. 1997); see also, § 1692g(b).

15. Defendant NCO's violation of § 1692g of the FDCPA renders it liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

### COUNT II
### Violation Of § 1692e Of The FDCPA –
### False, Deceptive or Misleading Statements

16. Plaintiff adopts and realleges ¶¶ 1-11. This Count is brought against Defendant NCO only.

17. Section 1692e of the FDCPA prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt, see 15 U.S.C. § 1692e.

18. Defendant NCO's threats of a lawsuit against Ms. Huacon and statement that "If a judgment is obtained against you, CAPITAL ONE BANK (USA), N.A. can take whatever actions they deem advisable to enforce it", are false, deceptive or misleading statements, in violation of § 1692e of the FDCPA. As powerful as Capital One and the Defendant NCO are, they cannot, in fact, take whatever post-judgment actions they want. Post judgment remedies are strictly proscribed and limited by Illinois statute.

19. Defendant NCO's violation of § 1692e of the FDCPA renders it liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## COUNT III
### Violation Of § 1692e(2)(A) Of The FDCPA –
### Falsely Representing The Amount Of The Debt

20. Plaintiff adopts and realleges ¶¶ 1-11. This Count is brought against both Defendant AllianceOne and Defendant NCO.

21. Section 1692e of the FDCPA prohibits a debt collector from using any false, deceptive or misleading representation or means in connection with the collection of a debt, including, but not limited to, the false representation of the character, amount or legal status of any debt, see 15 U.S.C. § 1692e(2)(A). Defendant AllianceOne's March 1, 2010 initial collection letter (Exhibit C) stated that Ms. Huacon owed $3919.55. Only 45 days later, Defendant NCO's April 14, 2010 initial collection letter (Exhibit D) stated that Ms. Huacon owed $4,185.30, a $265.75/55% increase. Moreover, AllianceOne's letter stated that the entire balance was due, while NCO's letter stated that only part of the entire balance was due. These balances and the amount due cannot both be correct. Thus, Defendants' collection letters made false, deceptive or misleading statements, in violation of § 1692e of the FDCPA.

22. Defendants' violations of § 1692e of the FDCPA render them liable for statutory damages, costs and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## COUNT IV
### Violation Of § 1692g(a)(1) Of The FDCPA –
### Failure To State Adequately The Amount Of The Debt

23. Plaintiff adopts and realleges ¶¶ 1-11. This Count is brought against both Defendant AllianceOne and Defendant NCO.

24. Section 1692g(a)(1) of the FDCPA requires that the debt collector, within 5 days of its first communication to a consumer, provide the consumer with a statement of the amount of the debt that it is seeking to collect, see 15 U.S.C. § 1692g(a)(1).

25. The disparity in the amount that was then due, between what was set forth in AllianceOne's demand for $3,919.55 (Exhibit C) and, only 45 days later, Defendant NCO's demand for $4,185.30 – or possibly only $841(Exhibit D) -- cannot both be correct, and would confuse anyone, let alone an unsophisticated consumer, about the amount they had to pay.  Thus, Defendants' collection letters failed to state adequately the total amount of the debt they were seeking to collect in violation of § 1692g(a)(1) of the FDCPA.

26. Defendants' violations of § 1692g(a)(1) of the FDCPA render them liable for statutory damages, costs and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Lourdes Huacon, prays that this Court:

1. Find that Defendants' collection letters violate the FDCPA;

2. Enter judgment in favor of Plaintiff Huacon, and against Defendants, for statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA;  and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Lourdes Huacon, demands trial by jury.

                                                Lourdes Huacon,

                                                By: /s/ David J. Philipps
                                                One of Plaintiff's Attorneys

Dated: August 26, 2010

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com